**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHARLES SMITH,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No. 1:26-cv-03047-SEG-JEM |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Equifax Information Services LLC ("Equifax" or "Defendant"), by and through its undersigned counsel, files its Answer to Plaintiff's Complaint.

Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint. Any allegation in Plaintiff's Complaint not specifically admitted below is hereby expressly denied. In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

## INTRODUCTION

1. In response to Paragraph 1, Equifax admits that Plaintiff purports to bring claims under the Fair Credit Reporting Act ("FCRA"). Equifax denies any allegation that it violated the FCRA and denies that Plaintiff is entitled to any damages or relief whatsoever from Equifax.

## JURISDICTION AND VENUE

2. In response to Paragraph 2, Equifax admits that to the extent Plaintiff has properly alleged a claim, the Court may exercise its jurisdiction. Equifax denies that Plaintiff has Article III standing.

3. In response to Paragraph 3, Equifax admits it is subject to the FCRA. Equifax admits that to the extent Plaintiff has properly alleged a claim, the Court may exercise its jurisdiction.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

## ALLEGATIONS AS TO PARTIES

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. In response to Paragraph 6, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

7. In response to Paragraph 7, Equifax denies it is a corporation. Equifax admits that its principal office address is 1550 Peachtree Street NW, Atlanta, GA 30309.

8. Equifax admits the allegations in Paragraph 8.

9. In response to Paragraph 9, Equifax admits it is a consumer reporting agency as defined by the FCRA. Equifax further admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties with permissible purpose.

## FACTS OF THE COMPLAINT

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. In response to Paragraph 11, Equifax states that Plaintiff is attempting to interpret the FCRA. Equifax further states that the FCRA speaks for itself, and to the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 11.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Equifax denies the allegations in Paragraph 13.

14. In response to Paragraph 14, Equifax states that Exhibit A speaks for itself, and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied. Equifax further denies reporting inaccurate information in Plaintiff's credit file. Equifax denies that Exhibit A is a full and complete copy of the relevant disclosure.

15. In response to Paragraph 15, Equifax states that Exhibit A speaks for itself, and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied. Equifax further denies reporting inaccurate information in Plaintiff's credit file. Equifax denies that Exhibit A is a full and complete copy of the relevant disclosure.

16. In response to Paragraph 16, states that Exhibit A speaks for itself, and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied. Equifax further denies reporting inaccurate information in Plaintiff's credit file. Equifax denies that Exhibit A is a full and complete copy of the relevant disclosure.

17. In response to Paragraph 17, states that Exhibit A speaks for itself, and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied. Equifax further denies reporting inaccurate information in Plaintiff's credit file. Equifax denies that Exhibit A is a full and complete copy of the relevant disclosure.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Equifax denies the allegations in Paragraph 20.

21. Equifax denies the allegations in Paragraph 21.

22. Equifax denies the allegations in Paragraph 22.

**Omission of Complete Account Numbers**

23. Equifax denies the allegations in Paragraph 23.

24. Equifax denies any allegation of reporting inaccurate information in Plaintiff's credit file. Equifax is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Equifax without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. In response to Paragraph 26, Equifax admits that it complies with the FCRA. Equifax denies any allegation of violating the FCRA.

27. Equifax denies the allegations in Paragraph 27.

28. Equifax denies the allegations in Paragraph 28.

29. In response to Paragraph 29, states that Exhibit A speaks for itself, and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied. Equifax further denies reporting inaccurate information in Plaintiff's credit file. Equifax denies that Exhibit A is a full and complete copy of the relevant disclosure.

30. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Equifax denies the allegations in Paragraph 31.

32. Equifax denies the allegations in Paragraph 32.

33. Equifax denies the allegations in Paragraph 33.

34. Equifax denies reporting inaccurate information in Plaintiff's credit file. Equifax is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Equifax denies the allegations in Paragraph 35.

36. Equifax denies the allegations in Paragraph 36.

37. Equifax denies the allegations in Paragraph 37.

38. Equifax denies the allegations in Paragraph 38.

39. Equifax denies the allegations in Paragraph 39.

40. In response to Paragraph 40, Equifax states that Plaintiff is attempting to interpret a non-binding opinion issued by staff at the Federal Trade Commission. Equifax further states that the Advisory Opinion to Darcy speaks for itself, and to the extent Plaintiff misstates, misquotes, or mischaracterizes the Opinion Letter, Equifax denies the allegations in this Paragraph.

41. Equifax denies the allegations in Paragraph 41.

42. In response to Paragraph 42, Equifax states that Plaintiff is attempting to interpret the Credit Reporting Resource Guide ("CRRG"). Equifax further states

that the CRRG speaks for itself, and to the extent Plaintiff misstates, misquotes, or mischaracterizes the CCRG, Equifax denies the allegations in this Paragraph.

43. In response to Paragraph 43, Equifax states that Plaintiff is attempting to interpret the Credit Reporting Resource Guide ("CRRG"). Equifax further states that the CRRG speaks for itself, and to the extent Plaintiff misstates, misquotes, or mischaracterizes the CCRG, Equifax denies the allegations in this Paragraph.

44. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

**<u>Prevalence of Equifax's Account Number Errors</u>**

45. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. Equifax denies the allegations in Paragraph 48.

49. Equifax denies the allegations in Paragraph 49.

50. Equifax denies the allegations in Paragraph 50.

51. Equifax denies the allegations in Paragraph 51.

52. Equifax denies the allegations in Paragraph 52.

53. Equifax denies the allegations in Paragraph 53.

54. In response to Paragraph 54, Equifax states that Plaintiff is attempting to interpret the FCRA. Equifax further states that the FCRA speaks for itself, and to the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in this Paragraph.

55. Equifax denies the allegations in Paragraph 55.

## COUNT I
## VIOLATIONS OF THE FCRA

56. Equifax reasserts and re-alleges its responses and defenses set forth herein.

57. Equifax denies the allegations in Paragraph 57.

58. Equifax denies the allegations in Paragraph 58.

59. Equifax denies the allegations in Paragraph 59.

60. Equifax denies the allegations in Paragraph 60.

## JURY DEMAND AND PRAYER FOR RELIEF

Equifax denies Plaintiff's "Wherefore" Paragraph following Paragraph 60, including all subparts. Equifax denies any violation of the FCRA, denies reporting inaccurate information in Plaintiff's credit file, and denies Plaintiff suffered any harm or damages. Equifax further denies that Plaintiff is entitled to any of the relief claimed in their Complaint, including damages, costs, and fees.

Equifax admits that Plaintiff requests a trial by jury.

## DEFENSES

Defendant Equifax states the following Defenses:

1. Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

2. At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

3. The information which Equifax reported on Plaintiff's credit report was true or substantially true.

4. Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

5. Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

6. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

7. Equifax reserves the right to assert additional defenses that it learns

through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff; and

(2) it recover such other and additional relief as the Court deems just and appropriate.

DATED: July 29, 2026.

Respectfully submitted,

*/s/ Jennifer Ziemann*

Jennifer Ziemann, Ga. Bar No. 264280
Equifax Legal Department
1550 Peachtree Street
Atlanta, Georgia 30309
Telephone: 470-623-7550
Email: jenn.ziemann@equifax.com
*Counsel for Defendant*
*Equifax Information Services LLC*